■ Sol Stevens et al., Respondents, v. Sydney M. Siegel, Appellant, et al., Defendants.— In an action to recover damages for inducing the breach of a contract and for conspiracy, the defendant Siegel appeals from an order of the Supreme Court, Kings County, dated July 24, 1962, which denied his motion to dismiss as to him, for patent insufficiency, each of the two causes of action in the amended complaint (Rules Civ. Prac., rule 106, subd. 4). Order reversed, with $10 costs and disbursements; motion granted; and amended complaint and each cause of action therein alleged dismissed as against the defendant Siegel. In the first cause of action, which is asserted against the defendant Siegel only, the plaintiff real estate brokers allege that they procured a purchaser ready, able, and willing to purchase certain property from the sellers, but that Siegel thereafter induced the sellers to sell the property to him. In our opinion, this cause of action is insufficient for these reasons: (1) Plaintiffs allege a sufficient cause of action against the sellers for commissions. Where a broker has a cause of action against a solvent seller, he has no cause of action against the buyer for inducing a breach of that contract (*Shapiro* v. *Greenwich Sav. Bank*, 266 App. Div. 359, affd. 293 N. Y. 724). There is no allegation here that the sellers are insolvent. (2) It is not claimed that the said defendant Siegel induced the sellers to sell to him for the exclusive purpose of depriving plaintiffs of their claim for commission. Even if Siegel had purchased the property partly for that purpose, there would still be no liability if he also had a legitimate purpose in making the purchase, e.g., for profit (*Beardsley* v. *Kilmer*, 236 N. Y. 80). The second cause of action is based upon a conspiracy between the said defendant Siegel and the sellers to effect a sale to him without the payment of a commission, even though there is no allegation that plaintiffs had procured Siegel as the purchaser of the property. It is alleged only that plaintiffs procured their client (one other than Siegel) as a purchaser. Since the first cause of action is insufficient, the second cause of action is also insufficient. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.

■ James Thompson & Sons, Inc., Respondent, v. Castleton Contracting Co., Inc., Defendant, and Continental Casualty Company, Appellant.— In an action by a materialman against a contractor and its surety for materials furnished to the contractor, the surety appeals from an order of the Supreme Court, Richmond County, dated February 5, 1963, which denied its motion: (a) to strike the action from the nonjury calendar for the January 1963 Trial Term, pursuant to the Special Rule (art. IV) of this court regulating the calendar practice of the Supreme Court in this Department; and (b) to deny plaintiff a preference under rule 10 of the Rules of the Supreme Court, Richmond County. Order affirmed, with $10 costs and disbursements. No opinion. (See *Colprovia Asphalt Corp.* v. *Castleton Contr. Co.*, 18 A D 2d 1106, decided herewith.) Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.